EARL G. HUNNEWELL *vs.* ALPHONSO J. MITCHELL.

Cumberland.    Opinion March 12, 1925.

*Where the owner of a pair of horses delivered them to the keeper of a sale stable to sell them for him and to pay him a stated price therefor, such owner is equitably estopped to assert title to one of the horses against a bona fide purchaser for value from the keeper of the stable, it appearing that such owner was present in the stable with the prospective purchaser, recommended the horse to him, and did not disclose any interest in the horse or any limitation upon the authority of the keeper of the stable.*

On exceptions.    An action of replevin to recover possession of a horse purchased in good faith by the defendant of one Albert M. Wheeler to whom the horse had been delivered by plaintiff, its owner originally.    Defendant pleaded title.    Plaintiff contended that he had delivered the horse to Wheeler under certain conditions but had not given him authority to sell him as his agent.    While the defense insisted that the plaintiff delivered the horse to Wheeler for sale and gave him authority to dispose of him without restriction.    At the conclusion of the evidence the presiding Justice directed a verdict for the defendant and plaintiff excepted.    Exceptions overruled.    Judgment for return.

The opinion states the case.

*Harry E. Nixon* and *Jacob H. Berman,* for plaintiff.

*Frank H. Haskell,* for defendant.

SITTING:    CORNISH, C. J., PHILBROOK, MORRILL, WILSON, STURGIS, BARNES, JJ.

MORRILL, J.    Action of replevin of a horse admittedly once the property of plaintiff, presented upon exceptions to a directed verdict for defendant.    Defendant is a bona fide purchaser for a valuable consideration from one Wheeler who conducted a sale stable in Portland.

Viewing the evidence most favorably for the plaintiff (*Shackford* v. *N. E. Tel. & Tel. Co.,* 112 Maine, 204) and assuming that the jury

might have believed his version of his transactions with Wheeler, a verdict in his favor was not warranted.

The plaintiff is the only witness in his own behalf as to the transaction. Upon direct examination a reasonable inference from his testimony might lead to the conclusion that he accepted an offer from Wheeler to pay him $550 for his pair of horses, of which the horse in question was one, harnesses and cart, and delivered the property to Wheeler upon the assurances of the latter that he had a purchaser for the horses and would pay him in a few days.

Upon cross-examination, however, he testifies that he took the horses to Wheeler's stable "with the understanding that he (Wheeler) was going to sell them and pay me right off immediately."

Later, having in the meantime repeated substantially the version given on direct examination, in answer to a categorical question he testified:

"Q. Now I want to know which it was. Did you consider that you had sold those horses or that you hadn't?

"A. I considered that he was going to sell them for me, sir, and pay me $550."

Upon the brief, plaintiff's counsel contends that "plaintiff delivered the horses to Wheeler on certain conditions and at no time did he clothe the agent with any general authority." In the course of the trial he said:

"I want to show conduct of Hunnewell consistent with the theory that he never agreed to part with these horses except on certain terms and when he found where they were, he did everything in his power to right it so far as innocent persons were concerned."

Carefully considering the evidence upon the theory thus stated by counsel, and it is the only theory open to plaintiff (*Tourtellott* v. *Pollard*, 74 Maine, 418), no conclusion can be sustained other than that the plaintiff placed his horses on sale with Wheeler and clothed the latter with apparent authority to dispose of them without restriction, relying upon the latter's agreement to pay him $550. The first prospective purchaser declined to buy the pair. Both horses remained in Wheeler's stable more than a week before either was sold, the gray horse first, later the horse in question. Hunnewell frequented the stable, knew that Mitchell was there, recommended the black horse to him when he was standing "right behind the horse" looking at the animal, and did not disclose any interest in the horse

or any limitation upon Wheeler's authority. He is thus equitably estopped to assert title against Wheeler's vendee. *Lewenberg* v. *Hayes*, 91 Maine, 104. *Andover* v. *McAllister*, 119 Maine, 153. *Mitchell* v. *Canadian Realty Co.*, 121 Maine, 512.

*Exceptions overruled.*
*Judgment for return.*